**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALEXANDER RODRIGUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **1:18-cv-04812** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHECKR, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the plaintiff, ALEXANDER RODRIGUEZ, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against CHECKR, INC., the plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II.     JURISDICTION & VENUE

2.     Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.     PARTIES

4.     ALEXANDER RODRIGUEZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

1

5.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6.     CHECKR, INC., (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third-parties.

7.     Defendant is registered incorporated in the State of California and has its principal place of business located at 1 Montgomery Street Ste., 2000, San Francisco, CA 94104.

8.     At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9.     At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10.     At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV.   <u>ALLEGATIONS</u>

11.     At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12.     Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13.     Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14.     Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

15.     When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16.     As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17.     On or about April 24, 2018, Plaintiff applied for a position of employment with UBER (hereinafter, "UBER").

18.     On or about April 24, 2018, UBER offered Plaintiff a position of employment; said offer was contingent upon Plaintiff successfully passing a background screening.

19.     As part of its routine background check on its prospective employees, UBER requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

20.     On or about April 25, 2018, Defendant prepared and sold a consumer report to UBER, purportedly regarding the character and general reputation of Plaintiff.

21.     On or about May 4, 2018, Plaintiff applied for a position of employment with Lyft (hereinafter, "LYFT").

22.     On or about May 4, 2018, LYFT offered Plaintiff a position of employment; said offer was contingent upon Plaintiff successfully passing a background screening.

23.     As part of its routine background check on its prospective employees, LYFT requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

24.     On or about May 4, 2018, Defendant prepared and sold a consumer report to LYFT, purportedly regarding the character and general reputation of Plaintiff.

25.     Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

26.     The inaccurate information of which Plaintiff complains is convictions for Felony First Degree Rape and Felony Fourth Degree Gross Sexual Imposition.

27.     Plaintiff's convictions for Felony First Degree Rape and Felony Fourth Degree Gross Sexual Imposition were, however, reversed on appeal. As such the reporting that Plaintiff was guilty of these crimes is erroneous.

28.     Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including UBER and LYFT.

29.     The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

30.     The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

31.     As of the result of the inaccurate information reported by Defendant to UBER and LYFT, Plaintiff was not offered the positions of employment.

32.     On April 25, 2018, on April 26, 2018 and again in May 2018, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

33.     Furthermore, Plaintiff enclosed with his written dispute to Defendant documents and other information that either proved that the disputed information contained within his

consumer report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

34.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of Plaintiff's dispute(s) as required by the FCRA, has failed to remove the inaccurate information has continued to report the derogatory inaccurate information about Plaintiff.

35.     Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained inaccurate information to reflect that Plaintiff was guilty of criminal acts, convictions that had been reversed on appeal.

36.     Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to UBER and LYFT and other unknown third parties.

37.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.   Temporary loss of employment opportunities;

    b.   Out of pocket expenses associated with disputing the information only to find the information to remain on the consumer report.

    c.   Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

38.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

39.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

a.  willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

b.  Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

c.  Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

d.  Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e.  Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

40.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.     JURY DEMAND

41.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALEXANDER RODRIGUEZ, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.


                                    Respectfully submitted,
                                    **ALEXANDER RODRIGUEZ**

                            By:    s/ David M. Marco
                                    Attorney for Plaintiff

Dated: July 13, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:    dmarco@smithmarco.com